UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ROBERT KEITH ROSS,
            *Defendant-Appellant.*

No. 02-4718

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-00-31-V)

Submitted: March 6, 2003

Decided: March 17, 2003

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Jeffrey B. Welty, POYNER & SPRUILL, L.L.P., Raleigh, North Carolina, for Appellant. Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Keith Ross appeals his sentence imposed after his guilty plea to being a felon in possession of a firearm. In his plea agreement, Ross waived his right to appeal his conviction or sentence, except that he reserved the right to appeal based on claims of ineffective assistance or prosecutorial misconduct. Ross's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising two claims of ineffective assistance of counsel based on failure to object to the calculation of Ross's criminal history. Ross has filed a pro se supplemental brief augmenting his attorney's claims. We have reviewed the entire record and affirm Ross's conviction and sentence.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, federal prisoners must ordinarily pursue such claims in a motion under 28 U.S.C. § 2255 (2000). *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. *King*, 119 F.3d at 295. Because our review of the record in this appeal does not conclusively establish ineffective assistance of counsel, we conclude Ross's ineffective assistance claims should be brought in a § 2255 proceeding.

As required by *Anders*, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Ross's conviction and sentence. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. Thus, we deny counsel's motion to withdraw at this time. If Ross requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion at that time. Counsel's motion must state that a copy was served on the client. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*